37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Martin SANCHEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Edward Martin SANCHEZ, Defendant-Appellee.
 Nos. 93-50373, 93-50420.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1994.*
Decided Oct. 14, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 The initial stop of Sanchez was an investigatory stop. Ordering Sanchez out of the taxi cab at gun point did not convert the investigative stop into a warrantless arrest. United States v. Del Vizo, 918 F.2d 821, 824 (9th Cir.1990). Sanchez was not under arrest simply because he was not free to leave. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.1986) ("A valid stop does not become an arrest merely because law enforcement agents momentarily restrict a person's freedom of movement."). The police can take "reasonable measures to neutralize the risk of physical harm and to determine whether the person in question is armed." United States v. Buffington, 815 F.2d 1292, 1300 (9th Cir.1987); compare Del Vizo, 918 F.2d at 824-25 (suspect under arrest where there was no evidence suggesting the suspect was dangerous, "especially once he had stepped out of the van, had been frisked and was lying on the ground.").
 
 
 3
 The detectives had reason to believe Sanchez was armed and dangerous. The hotel manager informed the detectives the suspect had a gun, which he pointed at people in the hotel lobby. When the detectives located the taxi they believed contained the suspect, they were entitled to take reasonable steps to protect themselves by drawing their firearms and ordering Sanchez out of the car with his hands up. See United States v. Alvarez, 899 F.2d 833, 838-39 (9th Cir.1990) (investigative stop not an arrest where officers ordered suspect out of his car while brandishing their weapons when officers had strong reason to believe suspect was armed and threatened the officers' safety).
 
 II.
 
 4
 The district court did not err by finding Sanchez had the ability to pay a fine after reversing its previous order forfeiting Sanchez's money. Sanchez has cited no authority for the proposition that the district court could not alter its findings in response to counsel's arguments. Sanchez did not meet his burden of demonstrating he could not pay a fine.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 The Government's cross-appeal of Sanchez's sentence is addressed in a separate published opinion.